FILED

2022 May-25  AM 08:35
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **MARK GRISSOM,** | ] | |
| | ] | |
| **Plaintiff,** | ] | |
| | ] | |
| **v.** | ] | **2:21-cv-1633-ACA** |
| | ] | |
| **JOHN MERKLE,** *et al.*, | ] | |
| | ] | |
| **Defendants.** | ] | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Plaintiff Mark Grissom alleges that while he was employed at the Tuscaloosa Veterans Affairs Medical Center, he repeatedly complained about mismanagement, hiring issues, patient safety concerns, and the hostile and discriminatory work environment, all of which led to his firing.  Proceeding *pro se*, Mr. Grissom filed an amended complaint against fourteen defendants who work at the Medical Center or for the Department of Veterans Affairs, asserting numerous claims for relief under the Racketeering Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962, and unspecified constitutional amendments.  (Doc. 16).

Defendants move to dismiss the amended complaint.  (Doc. 21).  Because the court agrees that the Civil Service Reform Act precludes Mr. Grissom's claims, the court **GRANTS** the motion and **WILL DISMISS** the amended complaint **WITHOUT PREJUDICE**.  The court therefore **FINDS AS MOOT** Mr. Grissom's

motion to require disclosure of compliance with a regulation and certification of the government's investigation.  (Doc. 25).

## I.    BACKGROUND

In deciding a motion to dismiss for failure to state a claim, the court must accept as true the factual allegations in the complaint and construe them in the light most favorable to the plaintiff.  *Butler v. Sheriff of Palm Beach Cnty.*, 685 F.3d 1261, 1265 (11th Cir. 2012).  Typically, if the court considers any evidence outside the pleadings in connection with a motion to dismiss, the court must convert the motion to one for summary judgment.  *See* Fed. R. Civ. P. 12(d).  But an exception exists for documents that the complaint incorporates by reference if those documents are of undisputed authenticity and central to the plaintiff's claims.  *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002).  After Defendants filed their motion to dismiss, Mr. Grissom filed what he calls exhibits to the amended complaint.  (Doc. 27).  The amended complaint specifically refers to most of these exhibits and Defendants have not challenged the authenticity of the documents or the court's consideration of them.  (*See* doc. 16 at 22–52).  The court has reviewed the exhibits and describes them where appropriate.

Mr. Grissom worked at the Tuscaloosa Veterans Affairs Medical Center for years.  (Doc. 16 at 19 ¶ 22).  Beginning in January 2017, he began pointing out violations of required hiring practices.  (*Id.* at 22–41; *see generally* doc. 27-1 to 27-

5).  Although some of his complaints were validated by an internal investigation (doc. 27-1 at 27–29), he feared retaliation (doc. 16 at 23 ¶ 46; doc. 27-1 at 33).  Over the next three years, Mr. Grissom continued to report violations of hiring practices, concerns about patient safety in the radiology department, problems with resolving a staffing shortage, the loss of a large number of radiology files and records, and issues with receiving Freedom of Information Act documents.  (Doc. 16 at 26–41).  He also filed a civil action against a number of the same defendants he names in this case.  (Doc. 27-2 at 48); *see also Grissom v. Wiggins*, case no. 7:19-cv-1085-RDP (N.D. Ala.).

During this time, Mr. Grissom's previously excellent work reviews began to suffer.  He began receiving letters of reprimand and poor performance reviews. (Doc. 27-1 at 39, 57).  In addition, some of the defendants engineered a "terroristic threat hoax" and blamed the resulting security lockdown on him.  (*Id.* at 7, 15-16). In  August  2020,  Mr. Grissom's  supervisor  recommended  terminating  his employment.  (Doc. 16 at 41 ¶ 146).  He later rescinded that recommendation (*id.* at 41 ¶ 147), and Mr. Grissom's employment continued until he was fired in January 2021 (*id.* at 42 ¶ 151).  Mr. Grissom has appealed his termination to the U.S. Merit Systems Protection Board ("MSPB").  (*See* doc. 16 at 43–49; *see also* doc. 26 at 15).

## II.   DISCUSSION

Mr. Grissom filed this lawsuit against fourteen individuals who work at the Medical Center or for the Department of Veterans Affairs, asserting that each of them violated RICO and his constitutional rights.  (Doc. 16).  Defendants move to dismiss this action on the grounds that the amended complaint is a shotgun pleading and it fails to state a claim.  (Doc. 21).  One of their arguments is that the Civil Service Reform Act of 1978 ("CSRA"), 5 U.S.C. § 1101 *et seq.*, in combination with Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, precludes Mr. Grissom from bringing his RICO and constitutional claims in this court.  (Doc. 21 at 7–10).  Because the CSRA deprives this court of jurisdiction to address Mr. Grissom's claims, the court does not reach Defendants' other arguments.

"The CSRA established a comprehensive system for reviewing personnel action taken against federal employees."  *Elgin v. Dep't of Treasury*, 567 U.S. 1, 5 (2012) (quotation marks omitted).  Covered employees, such as Mr. Grissom, may challenge covered employment actions, such as termination, by appealing to the MSPB.  *Id.* at 5–6.  The employee may appeal the MSPB's final decision to the Court of Appeals for the Federal Circuit.  *Id.* at 7.  The "painstaking detail with which the CSRA sets out the method for covered employees to obtain review of adverse employment actions" shows "that Congress intended to deny such employees an

additional avenue of review in district court." *Id.* at 11–12.  In *Elgin*, the Supreme Court held that the district court lacked jurisdiction to hear several federal employees' constitutional challenge to a statute that required their discharge from the federal agencies where they worked.  *Id.* at 7, 23; *see also Stephens v. Dep't of Health & Human Servs.*, 901 F.2d 1571, 1575–77 (11th Cir. 1990).

As in *Elgin*, it is clear that Mr. Grissom's amended complaint challenges a federal employment action that is within the exclusive jurisdiction of the MSPB and the Federal Circuit.  Although Mr. Grissom couches his claims as violations of RICO and the Constitution, he seeks backpay, employment benefits, and retirement benefits.  (Doc. 16 at 112–13); *see Elgin*, 567 U.S. at 22 (explaining that the plaintiffs' constitutional challenges were still covered by the CSRA because "the petitioners' constitutional claims are the vehicle by which they seek to reverse the removal decisions, to return to federal employment, and to receive the compensation they would have earned but for the adverse employment action").

The CSRA does have an exception for federal employees seeking to challenge allegedly discriminatory adverse employment actions under specified federal statutes, such as Title VII.  5 U.S.C. § 7702(a); *see also Elgin*, 567 U.S. at 13.  But Mr. Grissom expressly disclaims any attempt to bring a Title VII claim.  (Doc. 16 at 16 ¶ 12).  Accordingly, this case does not fit within an exception to the CSRA's

exclusive jurisdiction.  The court therefore **GRANTS** Defendants' motion to dismiss the action.

The court notes, however, that Defendants request a dismissal with prejudice. Because the CSRA's exclusivity deprives this court of jurisdiction over the case, the court cannot grant that request.  A dismissal for lack of jurisdiction must be without prejudice.  *McIntosh v. Royal Caribbean Cruises, Ltd*., 5 F.4th 1309, 1313 (11th Cir. 2021) ("If subject-matter jurisdiction does not exist, dismissal must be without prejudice.").

## III.   CONCLUSION

The court **GRANTS** Defendants' motion to dismiss and **WILL DISMISS** the action **WITHOUT PREJUDICE** for lack of jurisdiction.  The court **FINDS AS MOOT** Mr. Grissom's motion to require disclosure of compliance with a regulation and certification of the government's investigation.  (Doc. 25).

**DONE** and **ORDERED** this May 25, 2022.

_____

**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE